UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENMANUEL ALEJANDRO DURAN-MONTILLA,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, et al.,<br><br>                              Respondents. | Case No.:  3:26-cv-01336-RBM-DDL<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL** |

On March 2, 2026, Petitioner Enmanuel Alejandro Duran-Montilla ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus. (Doc. 1.)  Petitioner argues that Immigration and Customs Enforcement "failed to comply with regulations when revoking [his] parole," thereby violating the Administrative Procedure Act and the Fifth Amendment's Due Process Clause.  (*Id.* at 4, 9–13.)  Petitioner also represents that he "spoke to a lawyer from Federal Defenders who said they would be willing to represent [him] if this Court appointed them," and "officially request[s] to appoint Federal Defenders to represent [him]."  (*Id.* at 5.)  The Court construes this as a Motion to Appoint Counsel. Because there is insufficient information for the Court to resolve it, the Motion to Appoint Counsel is **DENIED without prejudice**.  The Court will grant Petitioner the opportunity to file another motion to appoint counsel.

1

"Whenever the United States magistrate judge or the [C]ourt determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2). A "financially eligible person" is one who is "financially unable to obtain adequate representation in accordance with this section." *Id.* § 3006A(a). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citations omitted).

Here, Petitioner includes no information regarding whether he is financially unable to obtain adequate representation. Nor does he represent that he is unable to articulate his claims without counsel. Accordingly, the Motion to Appoint Counsel is **DENIED without prejudice**. On or before **March 23, 2026**, Petitioner **MUST** either: (1) file a new Motion to Appoint Counsel addressing the deficiencies identified above; or (2) indicate that he wishes to proceed without counsel.

In light of the likelihood that potentially appointed counsel may file an amended Petition, the Court will not order a response to the Petition at this point. The Court will issue a further order after it receives Petitioner's filing.

**IT IS SO ORDERED.**

DATE: March 9, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

2

3:26-cv-01336-RBM-DDL